UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHERRY MONTGOMERY; MARY BUCHANAN; JEWELL FOWLER; JULIE CHRISTIAN; APRIL THIXTON; JERRY THIXTON; ROYCE THIXTON,

     Plaintiffs,

v.

TIM BUEGE; YORKTOWN ARMS APARTMENTS; TC PROPERTY MANAGEMENT; MICHAEL GAVIN; JOSE DIVAS; DOES 1 TO 10,

     Defendants.

NOS. CIV. 08-385 WBS KJM

<u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS AND MOTION TO STRIKE</u>

----oo0oo----

     Plaintiffs Sherry Montgomery, Mary Buchanan, Jewell Fowler, Julie Christian, April Thixton, Jerry Thixton, and Royce Thixton brought this action against defendants Time Buege, Yorktown Arms Apartments, TC Property Management, Michael Gavin, and Jose Divas alleging a variety of claims under state law and one claim under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-

3619, related to the conditions of their tenancy and ultimate eviction from an apartment complex. Presently before the court are defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion to strike pursuant to Rule 12(f).[1]

I. Factual and Procedural Background

Plaintiffs are all former residents of Yorktown Arms Apartments, an apartment complex located in Fair Oaks, California. (Compl. ¶¶ 2, 6-8.) Defendants--Yorktown Arms Apartments and its owner, managers, and a maintenance worker (Compl. ¶¶ 10-14)--allegedly failed to adequately address extensive mold and mildew growth in plaintiffs' apartments despite plaintiffs' requests. (Id. ¶ 2.) As a consequence, plaintiffs aver that they suffered a variety of health problems, some requiring emergency treatment. (Id. ¶ 26.) Plaintiffs further allege that they were ultimately evicted in retaliation for their complaints. (Id. ¶ 30.)

On February 8, 2007, all but three of the plaintiffs filed a separate but related action captioned Sherry Montgomery, et al. v. Time Burge, et al., Case No. 07-CV—249-WBS-KJM. That case was dismissed without prejudice on January 13, 2009, pursuant to the parties' agreement that plaintiffs would proceed with the instant action, already filed on February 20, 2008. The Complaint in this case alleges claims for breach of the implied

---

[1] Defendant Michael Gavin has not yet appeared in this action. The instant motion was filed by the other defendants, who are all represented by the same counsel. Unless otherwise noted, all references in this memorandum to "defendants" are to all defendants except Michael Gavin.

warranty of habitability, negligence, maintenance of a nuisance, intentional and/or negligent infliction of emotional distress, constructive eviction, breach of the written rental contract, breach of the implied covenant of good faith and fair dealing, negligent performance of contract, civil battery and/or sexual battery (plaintiff Sherry Montgomery only), and retaliatory eviction. The Complaint also alleges statutory violations of the Fair Employment and Housing Act, Cal. Gov't Code §§ 12900-12996; the Unruh Civil Rights Act, Cal. Civ. Code § 51; the Fair Housing Act, 42 U.S.C. §§ 3601-3619; and the Elder Abuse and Dependent Adult Civil Protection Act, Cal. Welf. & Inst. Code §§ 15600-15675.

In addition, the Complaint alleges claims by plaintiff Julie Christian, who apparently passed away before the filing of this action. (See Compl. ¶ 130.) Specifically, the fourteenth cause of action alleges a claim for wrongful death "by plaintiff Julie Christian against all defendants" (id. 24:11-12), and the fifteenth cause of action alleges a "survival action by plaintiff Julie Christian against all defendants" (id. 25:2-3). Though the Complaint lists Julie Christian's "survival action" as a single and independent claim, the court construes each claim in the Complaint (except civil battery and/or sexual battery) as also alleging a survival claim on behalf of Julie Christian. (See id. ¶ 133 ("Plaintiff Julie Christian through her survival action is still bringing all of her above causes of action herein.").)

Defendants now move to dismiss the wrongful death and survival claims alleged by Julie Christian and request that the court strike Julie Christian as a plaintiff. (Mot. Dismiss 4:5-

3

20.) Defendants also move to strike the three exhibits attached to the Complaint: a declaration by plaintiff Jewell Fowler ("Fowler declaration") and two articles from medical web sites. (See id. 4:22-26; Compl. Exs. A-C.)

II. Discussion

    A. Motion to Dismiss

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Defendants contend only that the survival and wrongful death claims should be dismissed because no plaintiff has standing to bring those claims. (See Mot. Dismiss 6-18.) The issue of standing "naturally precedes the question of whether [plaintiffs have] successfully stated a claim." Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998).

Under California law, "[a] cause of action that survives the death of a person passes to the decedent's successor in interest and is enforceable by the 'decedent's personal representative or, if none, by the decedent's successor in interest.'" Quiroz v. Seventh Ave. Ctr., 140 Cal. App. 4th 1256, 1265 (2006) (citing Cal. Civ. Proc. Code § 377.30); see Cal. Welf. & Inst. Code § 15657.3(d) (providing similar requirements for a survival action under the Elder Abuse and Dependent Adult

Civil Protection Act).² The Complaint alleges survival claims brought by Julie Christian herself and does not identify any plaintiff with standing to bring those claims on Julie Christian's behalf as her successor in interest or personal representative. Accordingly, the court must dismiss all survival claims brought on behalf of Julie Christian.³

Unlike survival claims, a wrongful death claim "belongs 'not to the decedent . . . but to the persons specified' in [California] Code of Civil Procedure section 377.60." Wilson v. John Crane, Inc., 81 Cal. App. 4th 847, 860 (2000) (quoting Cal. Law Revision Comm'n cmt. to Cal. Civ. Proc. Code § 377.60); see Quiroz, 140 Cal. App. 4th at 1263 (explaining that a wrongful death claim "is vested in the decedent's heirs") (citing Grant v. McAuliffe, 41 Cal. 2d 859, 864 (1953)). "Only persons enumerated

---

² The FHA contains no specific provisions as to the survival of an individual's claim upon death and who has standing to bring that claim. Ambruster v. Monument 3: Realty Fund VIII Ltd., 963 F. Supp. 862, 864 (N.D. Cal. 1997). Because the court has not identified a conflict between the FHA and the California survival statute for the purposes of the instant motion, the court will apply state law concerning who may bring a survival action to the FHA claim in this case. See 42 U.S.C. § 1988 (providing that, for federal civil rights statutes, state law shall govern any "deficien[cies]" in federal law so long as it is not inconsistent with the Constitution and laws of the United States); Tatum v. City & County of S.F., 441 F.3d 1090, 1094 n.2 (9th Cir. 2006) (citing § 1988 and applying the California survival statute to determine whether the plaintiff could prosecute a § 1983 claim on behalf of the decedent); cf. Ambruster, 963 F. Supp. at 866 (applying the California survival statute to an FHA claim except to the extent that the state statute bars emotional distress damages).

³ The parties have not addressed whether all the claims in the Complaint survive a plaintiff's death. Nevertheless, because plaintiffs have failed to identify a party with standing to bring any survival claim, an issue that "naturally precedes" whether a complaint states a claim, Moreland, 159 F.3d at 369, the court will not reach the question of whether every alleged claim indeed survives Julie Christian's death.

5

in California Code of Civil Procedure section 377.60 have standing to bring a wrongful death claim." A.D. v. Cal. Highway Patrol, No. 07-5483, 2009 WL 733872, at *4 (N.D. Cal. Mar. 17, 2009); accord Owen ex rel. Owen v. United States, 713 F.2d 1461, 1468 (9th Cir. 1983) (quoting Steed v. Imperial Airlines, 12 Cal. 3d 115, 119 (1974)). Here, the Complaint alleges a wrongful death claim brought by Julie Christian and does not identify any plaintiff authorized by California Code of Civil Procedure section 377.60 to bring a claim for wrongful death, such as Julie Christian's personal representative or heir.[4] Accordingly, the court must grant defendants' motion to dismiss the wrongful death claim.

Plaintiffs have requested leave to amend the Complaint to substitute Jewell Fowler as Julie Christian's "executor[] and successor in interest" in the event that the court grants the motion to dismiss. (Opp'n 3:4-8.) The court will accordingly grant plaintiffs leave to amend the Complaint, and defendants' request to strike Julie Christian as a plaintiff is therefore moot.

B. Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), the

---

[4] California Code of Civil Procedure section 377.60 provides in relevant part:

> A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession . . . .

court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Alcaraz v. Wachovia Mortgage, FSB, No. 08-1640, 2009 WL 160308, at *10 (E.D. Cal. Jan. 21, 2009) (O'Neill, J.) (quoting Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)).

Defendants' motion to strike targets the exhibits attached the Complaint rather than the allegations contained in the Complaint itself. (Mot. Dismiss 4:22-26.) A "written instrument" attached to a complaint may be considered part of the complaint for all purposes pursuant to Federal Rule of Civil Procedure 10(c). The types of instruments that qualify for incorporation under Rule 10(c) "'consist largely of documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based.'" DeMarco v. DepoTech Corp., 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001) (quoting Rose v. Bartle, 871 F.2d 331, 339 n.3 (3d Cir. 1989)); cf. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (noting that a document may be considered part of a complaint even if not attached when the document forms the basis of the plaintiff's claims or the allegations refer extensively to it).

In contrast, witness affidavits and other exhibits containing largely evidentiary material typically do not fall within Rule 10(c)'s category of "written instruments." See Ritchie, 342 F.3d at 908 ("Affidavits and declarations . . . are not allowed as pleading exhibits unless they form the basis of

7

the complaint." (citing DeMarco, 149 F. Supp. 2d at 1219-21)); Perkins v. Silverstein, 939 F.2d 463, 467 n.2 (7th Cir. 1991) (explaining that newspaper articles, commentaries, and editorial cartoons referencing a scandal "are not the type of documentary evidence or 'written instruments' which Rule 10(c) intended to be incorporated into . . . the complaint"). See generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (2008) (providing that "exhibits containing extraneous or evidentiary material should not be attached to the pleadings" pursuant to Rule 10(c)).

Courts have granted motions to strike exhibits attached to complaints when those exhibits do not qualify as "written instruments" under Rule 10(c). See, e.g., DeMarco, 149 F. Supp. 2d at 1222 (striking an expert affidavit attached to a complaint in a securities fraud action); Galvan v. Yates, No. 05-0986, 2006 WL 1495261, at *4 (E.D. Cal. May 24, 2006) (Ishii, J.) (striking from a complaint witness declarations designed to substantiate allegations that the plaintiff satisfied the presentment requirements of the California Tort Claims Act).

In this case, plaintiffs attached three exhibits to the Complaint: the Fowler declaration, which provides an account of alleged water leaks in Jewell Fowler and Julie Christian's apartment and Julie Christian's eventual heart attack, and two articles providing general background information on pneumonia and its correlation with heart problems. (See Compl. Exs. A-C.) These exhibits do not form the basis of the claims alleged in the Complaint, and in fact, the Complaint itself makes no reference to them. The exhibits are thus "not 'written instruments' within

the meaning of Rule 10(c) . . . but rather are in the nature of evidence submitted to bolster [] allegation[s]" contained in the Complaint. <u>Galvan</u>, 2006 WL 1495261, at *4.

More generally, the court notes that the practice of attaching to a complaint the kind of exhibits at issue here needlessly complicates challenges to the sufficiency of pleadings. The court could not consider the contents of these exhibits in ruling on a motion to dismiss for failure to state a claim without converting the motion into one for summary judgment. See <u>Ritchie</u>, 342 F.3d at 909 (holding that the district court could not have considered a declaration that did not form the basis of a complaint and to which the complaint did not refer without converting the Rule 12(b)(6) motion into a Rule 56 motion); <u>Rose</u>, 871 F.2d at 339 n.3 (explaining that treating affidavits as "written instruments" under Rule 10(c) would "blur the distinction between summary judgment and dismissal for failure to state a claim"). This practice would undoubtedly result in litigants making Rule 56(e) evidentiary challenges in connection with routine motions to dismiss. Under these circumstances, granting a motion to strike exhibits attached to a complaint that do not qualify as "written instruments" under Rule 10(c) serves the purpose of "avoid[ing] the expenditure of time and money . . . litigating spurious issues" later in the case. <u>Sidney-Vinstein</u>, 697 F.2d at 885.

Accordingly, the court will grant defendants' motion to strike the exhibits attached to the Complaint.

IT IS THEREFORE ORDERED that defendants' motion to dismiss the survival and wrongful death claims be, and the same

hereby is, GRANTED with leave to amend.

IT IS FURTHER ORDERED that defendants' motion to strike Exhibits A, B, and C attached to the Complaint be, and the same hereby is, GRANTED, and defendants' motion to strike Julie Christian as a plaintiff is hereby MOOT.

Plaintiff has thirty days from the date of this Order to file an amended complaint consistent with this Order.

DATED: April 14, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE